BERGER, FISCHOFF & SHUMER, LLP
40 Crossways Park Drive
Woodbury, NY 11797
By: Gary C. Fischoff, Esq.
(516) 747-1136
*Proposed Attorneys for the Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE:

       RICHARD KERN,

                     Debtor.
-------------------------------------------------------X

Chapter 11
Case No.: 13-71700-ast

**DEBTOR'S APPLICATION FOR
AN ORDER PURSUANT TO
SECTIONS105 AND 363(f) and (h) OF
THE BANKRUPTCY CODE
AUTHORIZING THE SALE OF THE
DEBTOR'S AND NON-DEBTOR
SPOUSE'S RESIDENCE FEE AND
CLEAR OF LIENS, CLAIMS AND
ENCUMBRANCES AND
AUTHORIZING THE RETENTION OF
THE REAL ESTATE BROKER**

TO:    THE HONORABLE ALAN S. TRUST
       UNITED STATES BANKRUPTCY COURT JUDGE

       RICHARD KERN, the Debtor and Debtor-in-Possession, by his attorneys Berger,

Fischoff & Shumer, LLP by this application, respectfully represents and states as follows:

       1.     RICHARD KERN filed his petition for relief from creditors pursuant to Chapter

11 of the Bankruptcy Code on April 3, 2013.

       2.     The Debtor has continued in the management and control of his property and

assets pursuant to §1107 and §1108 of the Bankruptcy Code.

       3.     No committee of general unsecured creditors has been appointed.

       4.     This is the Debtor's application for an Order:

(a) pursuant to §363(f) and (h) of the Bankruptcy Code, authorizing the sale of the Debtor and the non- Debtor spouse's interest in their primary residence located at 50 Crane Neck Road, Old Field, New York pursuant to a contract of sale dated April 18, 2013 for $3,500,000.00 (a copy of the Contact is annexed hereto as Exhibit "A").

(b) pursuant to §363(f) of the Bankruptcy Code, authorizing the sale free and clear of the claims, interests, liens and encumbrances with the claims, interest, liens and encumbrances attaching to the proceeds of sale in the same priority and to the same extent as they attach to the realty;

(c) pursuant to §363(e) of the Bankruptcy Code, providing Ocwen Bank adequate protection by authorizing the Debtor to pay at the closing, from the closing proceeds, the amount necessary to satisfy in full, the outstanding first mortgage balance in the approximate amount of $817,370.69, and the outstanding real estate taxes due to the County and Village in the combined approximate amount of $66.886.26 (a copy of a recent Ocwen mortgage statement and tax bill are annexed hereto as Exhibit "B");

(d) pursuant to §363(e) of the Bankruptcy Code, providing the Internal Revenue Service ("IRS") adequate protection by authorizing the Debtor to pay at the closing, from the sale proceeds, the amount necessary to obtain a release of lien from the IRS on the outstanding federal tax lien recorded in the reduced amount of $1,243,978.68 (a copy of the lien pay off letter is annexed hereto as Exhibit "C");

(e) pursuant to §363(d) and §363(j) of the Bankruptcy Code, authorizing the Debtor to pay to the non-debtor spouse, Sharon Kern, at the closing, from the proceeds of the sale, one-half of the net proceeds available after the deduction of ordinary and customary closing

expenses and payment of the real estate taxes and first mortgage lien to Ocwen and the IRS lien

as described herein above as and for her 50% interest in the property, including her homestead

exemption;

(f) authorizing the Debtor to deposit in a separate escrow account maintained by

Berger, Fischoff & Shumer, LLP $150,000.00 representing the Debtor's homestead exemption,

with such funds to remain in escrow pending further order of the Court;

(g) pursuant to §363(e) of the Bankruptcy Code, authorizing the Debtor to deposit

in a separate escrow account maintained by Berger, Fischoff & Shumer, LLP the net proceeds of

the sale after deduction of the payments authorized in subparagraphs (c) to (f);

(h) authorizing the retention of Hickey & Smith Realtors as listing brokers and

Daniel Gale Sothebys as selling broker, and payment to them at closing of a combined brokerage

fee of $77,500.00;

(i) pursuant to §506 authorizing an administrative claim by Berger, Fischoff &

Shumer, LLP in an amount to be determined by the Court to be assessed against the net proceeds

for reasonable costs and expenses of preserving and disposing of the Debtor's real property.

6.      Annexed hereto as Exhibit "A" is a Contract of Sale between Richard Kern and

Sharon Kern, his wife, as sellers and Emil and Irene Moshkovich for purchase of the property

located at 50 Crane Neck Road, Old Field, New York in the amount of $3,500,000.00.  Pursuant

to the terms of the contract, Berger, Fischoff & Shumer, LLP is holding in its IOLA account

$175,000.00 as and for the contract deposit.

7.      At that time that the Contract was negotiated and executed, it was contemplated

that Richard Kern, the Debtor herein, would have to file a proceeding for relief from creditors

pursuant to Chapter 11 of the Bankruptcy Code in order to facilitate the closing of the transaction. The Contract provides the seller 45 days to obtain authorization from the Bankruptcy Court to consummate the transaction.

8.    The Debtor believes the offer contained in the Contract is a fair and reasonable offer and reflects the market value of the property at this time.  The property has been on the market for more than one year, with a current listing price of 4.2 million dollars.  The offer contained in this Contract is the only serious offer received on the property and the Debtor believes it is in the best interest of the Debtor, its creditors and its estate to consummate the transaction and convert an illiquid asset of real estate into cash proceeds to be distributed as proposed in this application.  Maintaining the property, paying the mortgage, the real estate taxes and maintenance is a drain on the estate which is detrimental to both the Debtor and its creditors. Therefore, it makes good business sense to authorize the Debtor to liquidate the property and convert it into cash proceeds.

9.    The Debtor does not want to lose this offer and accordingly it is requested that the Court authorize the transaction.  The property is co-owned by the Debtor's wife, Sharon Kern who consents to the sale, so long as she receives payment at the closing for her one-half interest in the property, less deduction of real estate taxes, ordinary and usual closing expenses, payment of the first mortgage herein and the IRS tax lien.

10.    The property is encumbered by the following liens:

| Lien | Date Perfected | Amount Due | Obligation |
|---|---|---|---|
| Unpaid County Real Estate Taxes | | $    61,636.26 | Joint |
| Unpaid Village Real Estate Taxes | | $     5,250.00 | Joint |

4

| | | | |
|---|---|---|---|
| First mortgage held by Ocwen | | $ 817,370.69 | Joint |
| Trustees of the Sheet Metal Workers Local 28 Benefit Funds | 9/2/2010 | $3,036,931.17 | Debtor - Disputed |
| IRS | 5/24/2012 | $1,407,625.91 | Joint |
| Fidelity & Deposit Co. of Maryland | 8/15/2012 | $1,134,698.22 | Joint - Disputed |
| Sheet Metal Workers National Benefit Fund | 9/23/2012 | $ 400,960.08 | Debtor - Disputed |
| Sheet Metal Workers National Benefit Fund | 12/5/12 | $ 968,843.90 | Debtor - Disputed |

11.    With respect to the lien held by the IRS, the Debtor received a letter from the IRS

indicating that they will accept 1,243,978.68 dollars from the proceeds of the sale in satisfaction

of their filed lien which is in excess of 1.4 million dollars. This lien is held against the Debtor as

well as the non-debtor spouse and therefore the non-debtor spouse has consented to payment of

this lien from the proceeds of the sale together with the mortgage and the real estate taxes which

are also joint liabilities.

12.    The Debtor submits that with the remaining liens which arise from the operations

of the Debtor's business are subject to a bona fide dispute as to their validity and amounts, which

warrant the Court to authorize the sale free and clear of the disputed liens, with the liens

attaching to the net proceeds after the authorized deductions, so the extent, validity, priority and

amount can be determined by the Court at a later date.

## NATURE OF BONAFIDE DISPUTES

13.    With respect to the judgment held by the Local 28 Benefit funds, the judgment

amount is overstated.  The Debtor believes the balance is approximately $1,000,000.00.

Annexed hereto as Exhibit "D" is a letter from the Debtor's prior attorneys explaining that the

5

credits and payments in excess of $1,000,000.00 were not properly applied to the judgment amount, and since the date of that letter, the Debtor submits that significant other payments have been made reducing the amount. These payments have been made directly either by Cool Sheet Metal, or payments made by customers of Cool Sheet Metal who paid directly to the benefit funds rather than Cool Sheet Metal.

14.    Another company operated by the Debtor called All Around Spiral Inc. which has been employing union workers has been making contributions to the Local 28 Benefit Fund for its benefit fund obligations. The Local has been taking those payments and improperly applying them to the Cool Sheet Metal balance instead of applying them to the benefit payments due on behalf of the workers of All Around Spiral Inc. While these payments have been improperly applied, they should have at least also reduced the amount due on the outstanding judgment.

15.    It is submitted that the balance due on this lien is significantly less than indicated on the Judgment and maybe as little as $1,000,000.00 or less. Nevertheless, there is a bona fide dispute as to the amount owed. It is submitted that this dispute is not capable of being timely resolved and it would be a significant loss to the Estate if the sale of the property is lost while this dispute is being resolved.

16.    The judgment held by Fidelity & Deposit is also in dispute. The judgment represents payments that were allegedly and actually paid by Fidelity pursuant to its bond with Cool Sheet Metal. The bond was to insure payments by the Debtor to the local union benefit fund. The local union notified the bonding company that there had been a default which implicated the bond.

17.    Nonetheless, the Debtor believes that the Fidelity never actually paid the principal

6

of the bond and entered a confession of judgment against the Debtor, the non-debtor spouse and other entities, as a result of an alleged default and solely as a protective measure. Fidelity never actually disbursed the principal and therefore, the confession of judgment lacks consideration. Because that there is an actual dispute, it is appropriate that Fidelity does not receive payment until that dispute is resolved. Again, as with the disputed amount due the Local 28 Benefit Fund, the dispute should not hold up the sale of the property and that the disputed judgments should attach to the net proceeds after the authorized disbursements to the same extent and priority as it attached to the realty. Even if the judgment is valid, and if the Local 28 and the IRS liens are proper and calculating the real estate taxes and the first mortgage which there is no disputes, there is no equity to pay Fidelity anyway. Therefore, authorizing a sale free and clear of their lien would cause them no harm where the detriment to the Estate if the sale is lost is obvious.

18.    It is submitted that the judgments held by the National Benefit fund in the approximate amount of $400,000.00 and $968,843.00 are not backed by consideration, as it is believed that this may represent penalties and not actually monies owed to the fund. On the other hand both judgments are wholly unsecured because after the deduction of closing expenses, listing and brokers fees; real estate taxes, a valid first mortgage, the prior in time IRS lien and some amounts that may be due on the Local 28 Benefit Fund judgment, and if anything to the Fidelity bond judgment, there will be no equity left for payment of the National Benefit Fund judgment. Accordingly there is no prejudice to them, if the sale was allowed to proceed with their lien, to the extent it is valid, and secured attaching to the proceeds of sale in the same priority and to the same extent it attached to the realty, which may be zero.

19.     It is also requested that the court authorize the retention of the real estate brokers
hired prior to the filing of the case -- Hickey & Smith as listing broker and Daniel Gale Sothebys
as "selling" broker.  It is proposed that they receive a combined commission of $77,500.00 which
is calculated in accordance with E.D.N.Y. LBR 6005-1 for compensation of auctioneers.  It
would be up to the two brokers to decide between themselves how they would share the
combined commission.

20.     Finally, it is requested that the Court authorize, pursuant to §506(d) an assessment
against the secured creditors for the costs and expenses, in an amount to be determined, to be
assessed and carved out against their liens as an administrative claim by Berger, Fischoff &
Shumer, LLP as and for the time it expended to preserve the property and liquidate it, to convert
it into proceeds for distribution to these and other creditors.

WHEREFORE, it is respectfully requested that this Court enter an order:

(a) pursuant to §363(f) and (h) of the Bankruptcy Code, authorizing the sale of the
Debtor and the non- Debtor's spouse interest in their primary residence located at 50 Crane Neck
Road, Old Field, New York pursuant to a contract of sale dated April 3, 2013;

(b) pursuant to §363(f) of the Bankruptcy Code, authorizing the sale free and clear
of the claims, interests, liens and encumbrances with the claims, interest, liens and encumbrances
attaching to the proceeds of sale in the same priority and to the same extent as they attach to the
realty;

(c) pursuant to §363(e) of the Bankruptcy Code, providing Ocwen Bank adequate
protection by authorizing the Debtor to pay at the closing, from the closing proceeds, the amount
necessary to satisfy in full the outstanding first mortgage balance in the amount approximately

$817,370.69, and the outstanding real estate taxes due to the County and Village in the combined approximate amount of $66.886.26;

(d) pursuant to §363(e) of the Bankruptcy Code, to pay the Internal Revenue Service ("IRS") adequate protection by authorizing the Debtor to pay at the closing, from the sale proceeds, the amount necessary to obtain a release of lien from the IRS on the outstanding federal tax lien recorded in the reduced amount of $1,200,000.00;

(e) pursuant to §363(d) and §363(j) of the Bankruptcy Code, authorizing the Debtor to pay to the non-debtor spouse, Sharon Kern, at the closing, from the proceeds of the sale, one-half of the net proceeds available after the deduction of ordinary and customary closing expenses and payment of the real estate taxes and first mortgage lien to Ocwen and the IRS lien as described herein above as and for her 50% interest property including her homestead exemption;

(f) authorizing the Debtor to deposit in a separate escrow account maintained by Berger, Fischoff & Shumer, LLP $150,000.00 representing the Debtor's homestead exemption, with such funds to remain in escrow pending further order of the Court;

(g) pursuant to §363(e) of the Bankruptcy Code, authorizing the Debtor to deposit in a separate escrow account maintained by Berger, Fischoff & Shumer, LLP the net proceeds of the sale after deduction of the payments authorized in subparagraphs (c) to (f);

(h) authorizing the retention of Hickey & Smith Realtors as listing brokers and Daniel Gale Sothebys as selling brokers, and payment to them at closing of the combined brokerage fee of $77,500.00;

(i) pursuant to §506 authorizing an administrative claim by Berger, Fischoff &

9

Shumer, LLP in an amount to be determined by the Court to be assessed against the net proceeds

for reasonable costs and expenses of preserving and disposing of the Debtor's real property,

together with such other, further and different relief as this Court deems just, proper and

equitable.

Dated:          April 18, 2013
                Woodbury, New York

                                    BERGER, FISCHOFF & SHUMER, LLP

                                    _____
                        By:         Gary C. Fischoff, Esq.
                                    *Proposed Attorneys for the Debtor and*
                                    *Debtor-in-Possession*
                                    40 Crossways Park Drive
                                    Woodbury, NY 11797
                                    (516) 747-1136

*F:\docs\Kern, Richard Ch 11\Pleadings\Sale\Application.wpd*