UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

       Advanced Chimney, Inc

                    Debtor
-------------------------------------------------------------x

Case No. 14-73667 (AST)

Chapter 11

### DEBTOR'S PROFFER OF EVIDENCE
### DEMONSTRATING COMPLIANCE WITH BANKRUPTCY CODE §1129

STATE OF NEW YORK    )
                      ) s.s.:
COUNTY OF SUFFOLK    )

      **MICHAEL STEENECK**, being duly sworn, deposes and says:

      1.    I am the president of Advanced Chimney, Inc. (the "Debtor"), the above-referenced debtor and debtor-in-possession, and, as such, am fully familiar with the facts and circumstances surrounding this case.

      2.    I am the party who signed the Plan and Disclosure Statement which has been sent out for solicitation, and I make this affidavit in support of Confirmation of the Debtor's Amended Plan of Reorganization (the "Plan").

      3.    I represent that the Plan complies with the applicable provisions of title 11 of the United States Code (the "Bankruptcy Code"), the Debtor, as the Plan proponent, has complied with the applicable provisions of the Bankruptcy Code, and the Plan has been proposed in good faith and not by any means forbidden by law.

      4.    All payments that have been made, or are to be made, by the Debtor, for services or costs and expenses, which were in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to, the approval of the Court as reasonable.

5.     The Plan disclosures the identity and affiliation of the undersigned, who is contributing certain assets and principal to the Debtor, and proposes to serve after the confirmation of the Plan as a director and officer. The appointment of the undersigned in that role in consistent with the interest of creditors, and with equity and security holders, and with public policy.

6.     There is no government regulatory commission that has jurisdiction after confirmation of the Plan over the rates of the Debtor as the Debtor's business was never regulated in such a manner.

7.     Debtor's counsel has filed a Certification of Ballots that shows that with respect to each impaired class of claims or interest, each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest, property or value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

8.     The Certification of Ballots further shows that with the certification of each class of claims or interest, that the class has either accepted the Plan, or such class are not impaired under the Plan.

9.     The Plan provides that, with respect to a claim of a kind specified in Bankruptcy Code §507(a)(2), that, on the effective of the Plan, the holder of such claim will receive, on account of such claim, cash equal to the allowed amount of such claim, or at such later time any such claims are allowed by the Court, that there will be sufficient funds to pay said claims. First Class of Claims consists of Administrative Claims, including Debtor's counsel, Debtor's accountant, and the United States Trustee Fees, if any. It is estimated that the remaining amount

to be paid on said claims is approximately $40,000. Fee applications have yet to be filed, however, it is estimates that (1) Macco & Stern, LLP will seek and additional $20,000 in fees; and (2) Weisman & Company, CPA, will seek an additional $20,000 in fees.

10.    There are no claims under Bankruptcy Code §507(a)(3) as this was a voluntary petition.

11.    Under the Plan, the holders of claims in Classes 1, 2 and 3 are impaired. Classes 1, 2 and 3 have all accepted the Plan.

12.    Upon the effective date of the Plan, by operation of law, the automatic stay will be lifted and holders of claims of Classes 1 and 2 may continue their lawsuits currently pending in other Courts to the extent of the insurance coverage.

13.    Additionally, holders of claims of Class 3 will receive a pro rata distribution of a $27,972.18 in six (6) equal payments over six (6) years. Initially, a distribution of eighteen (18%) percent was contemplated by the Plan. However, the holder of Claim No. 3, State Farm Fire and Casualty Company, in the amount of $173,845.55 has opted to reclassify the claim as a claim of Class 3. Accordingly, the distribution percentage has been reduced to eight and a half (8.5%) percent of their allowed claim, to be distributed as follows: (1) one and forty-two-hundredth (1.42%) percent on the effective date of the Plan; and (2) one and forty-two-hundredth (1.42%) percent every twelve (12) months thereafter for a period of five (5) years.

14.    Confirmation of the Plan is not likely to be followed by the liquidation or a need for further financial reorganization of the Debtor, or any successor to the Debtor under the Plan, as demonstrated by the financial projections annexed to the Plan exhibit positive cash flow sufficient to meet the Plan terms.

15.    All fees that are payable to the Clerk under §1920 of title 28 of the United States Code have been paid, and the Plan provides for the payment of all outstanding fees to the United States Trustee on or before the effective date of the Plan.

16.    The Plan does not provide for the continuation after the effective date of all retiree benefits, as the Debtor does not have retiree benefits.

17.    The Debtor is a corporation and is (i) not required to make payments upon a domestic support obligation; and (ii) not an individual and subject to an objection of an allowed unsecured claim.

18.    In order to make all the required payments under the Plan to confirm the Plan, as required by statute, the Debtor requires the following sums, not including fees due to professionals:

    a.  Class 1 – Faroud Claim - $0.00
          i.  Paid by Insurance Proceeds

    b.  Class 2 – Insurance Claims - $0.00
          i.  Paid by Insurance Proceeds

    c.  Class 3 – General Unsecured Claims - $27,972.18
          i.   Effective Date - $4,662.03
         ii.   1 Year - $4,662.03
        iii.   2 Years - $4,662.03
         iv.   3 Years - $4,662.03
          v.   4 Years - $4,662.03
         vi.   5 Years - $4,662.03

    **TOTAL: $27,972.18**

19.    At the present time, Debtor's counsel is holding no amounts on behalf of the Debtors.

20.    An administrative bar bate order was issued and served.

21.    The Plan is not proposed for the principal purpose of avoidance of taxes, or the avoidance of the application of §5 of the Securities Act of 1993, as it is not a Securities Act matter and no taxes are being avoid.

**WHEREFORE**, the Debtor respectfully requests that the Debtor's Amended Plan of Reorganization be confirmed.

MICHAEL STEENECK

Sworn to before me this
10 th day of July, 2015

NOTARY PUBLIC

MICHAEL T GINDELE
Notary Public - State of New York
NO. 01GI5249004
Qualified in Nassau County
My Commission Expires 9/6/17